UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH GIBSON,

    Plaintiff,

vs.                                                  CASE NO.:

CRUZ PREMIER PROPERTIES d/b/a
THE STORAGE PLACE, and
JUAN CARLOS CRUZ, Individually

    Defendants.
_____/

## COMPLAINT

Plaintiff, KENNETH GIBSON, by and through his undersigned counsel, sues the Defendants, CRUZ PREMIER PROPERTIES d/b/a THE STORAGE PLACE, a Florida corporation, and JUAN CARLOS CRUZ, Individually, and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this

Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, KENNETH GIBSON is a resident of Pasco County, Florida at all times material and worked for Defendants in this Juridical District during the applicable statute of limitations.

4. Defendant, CRUZ PREMIER PROPERTIES d/b/a THE STORAGE PLACE, is a Florida corporation authorized and doing business in this Judicial District.

5. At all times material herein, Plaintiff was a non-exempt employee of Defendants, pursuant to 29 U.S.C. § 203(e)(1).

6. Defendant, CRUZ PREMIER PROPERTIES d/b/a THE STORAGE PLACE, is an employer within the meaning of 29 U.S.C. s. 203(d) and subject to the Fair Labor Standards Act because is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce or in the production of good for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and because it has an annual gross volume of sales made or business done greater than $500,000.00.

7. At all times material hereto Defendant, JUAN CARLOS CRUZ, was an officer of the Defendants' Corporation and had direct responsibility and control

over the compensation paid to employees of the organization.

8. As part of Plaintiff's duties for the Defendant, Plaintiff regularly engaged in commerce or in the production of goods for commerce, or activities which are closely related and directly essential to the production of good for commerce.

9. Plaintiff is entitled to the protections provided by the FLSA because he was an individual engaged in commerce or in the production of goods for commerce.

## FACTUAL ALLEGATIONS

10. Plaintiff, KENNETH GIBSON, was employed with Defendants, from November 12, 2018 until February 17, 2022, as a full-time property manager earning making $10.00 per hour. However, Plaintiff was only paid $800.00 on the 1st and 15th of every month instead of the agreed upon $10.00 per hour. In addition, Plaintiff paid for Defendants' business phone bill and repairs to the property out of pocket.

11. Throughout Plaintiff's employment, Plaintiff was required to work over 40 hours a week and was not compensated at the rate of at least one and a half times his regular hourly rate of pay pursuant to the Fair Labor Standards Act (FLSA) for all hours worked over forty (40) in the work week.

12. Plaintiff was not exempt from the overtime provisions of the FLSA.

In fact, Plaintiff is entitled to overtime compensation for all overtime hours worked under the FLSA.

13.    Plaintiff has retained the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT ("FLSA") – OVERTIME

14.    Plaintiff realleges paragraphs one (1) through thirteen (13) as though set forth fully herein.

15.    The employment of Plaintiff provided for a forty (40) hour work week but throughout his respective employment Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

16.    At all times material, Defendants failed to comply with 29 U.S.C. § 201 *et seq.*, in that Plaintiff worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate Plaintiff at the rate of time and one-half his regular rate of pay for the hours worked over forty (40) in a work week.

17.    Defendants' failure to pay Plaintiff the required overtime pay was intentional and willful.

18.    As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff, KENNETH GIBSON, respectfully request all legal and equitable relief allowed by law including judgment against Defendants, CRUZ PREMIER PROPERTIES d/b/a THE STORAGE PLACE, and JUAN CARLOS CRUZ, Individually, for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy and such other relief as the court may deem just and proper.

## COUNT II
## FAIR LABOR STANDARD ACT MINIMUM WAGE

19. Plaintiff realleges paragraphs one (1) through thirteen (13) as though set forth fully herein.

20. Plaintiff is entitled to minimum wage for all hours worked pursuant to the FLSA.

21. By reason of the intentional, willful, and unlawful acts of the Defendants in violation of the FLSA, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, KENNETH GIBSON, demands a trial by jury and judgment against Defendants, CRUZ PREMIER PROPERTIES d/b/a THE STORAGE PLACE, and JUAN CARLOS CRUZ, Individually, for back pay, interest, attorneys' fees, and costs and for such other relief to which Plaintiff may be justly entitled.

## COUNT III
## (UNPAID WAGES, SECTION 448.08, FLORIDA STATUTES

22. Plaintiff realleges paragraphs one (1) through thirteen (13) as though set forth fully herein.

23. Plaintiff earned wages over the course of his employment, which remain unpaid by Defendants. Specifically, Defendants failed to compensate Plaintiff for earned hours worked during his employment with Defendants.

24. Defendants, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed, and refused to make payments as required by Chapter 448.08, Florida Statutes.

25. Plaintiff has retained undersigned counsel and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff, KENNETH GIBSON, demands a trial by jury and judgment against Defendants, CRUZ PREMIER PROPERTIES d/b/a THE STORAGE PLACE, and JUAN CARLOS CRUZ, Individually, for back pay, interest, attorneys' fees, and costs and for such other relief to which Plaintiff may be justly entitled.

## DEMAND FOR JURY TRIAL

26. Plaintiff requests a jury trial on all issues so triable.

Dated this 23rd day of June 2022.

FLORIN GRAY BOUZAS OWENS, LLC

*/s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
Primary: miguel@fgbolaw.com
Secondary: debbie@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Counsel for Plaintiff